SUMMARY ORDER

Petitioner Fang Zheng Fu, a native and citizen of the People’s Republic of China, seeks review of a November 12, 2008 order of the BIA denying his motion to reopen. In re Fang Zheng Fu, No. A073 226 351 (B.I.A. Nov. 12, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008).
We find that the agency did not err in denying Fu’s 2 untimely motion to reopen because it reasonably found that he failed to submit sufficient evidence of changed circumstances in China. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); see Wei Guang Wang v. B.I.A., 437 F.3d 270, 273 (2d Cir.2006) (finding that the birth of children in the United States w^as a change in personal circumstances, and not changed circumstances under the regulations).
Fu argues that the agency erred in discounting the sterilization certificates and the Villagers’ Notice submitted in support of his motion. That argument is unavailing, as the BIA reasonably questioned the reliability of this evidence in light of the concerns expressed by the IJ regarding Fu’s credibility in his underlying proceedings. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 146-48 (2d Cir.2007) *561 (finding that the BIA’s refusal to credit an unauthenticated document was not error when its rejection of the document was based substantially on legitimate credibility concerns and contrary evidence as opposed to being based solely on lack of authentication); see also Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the agency).
While Fu asserts that the BIA abused its discretion by failing to give adequate consideration to his remaining evidence, we have rejected the notion that the agency must “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner,” Jian Hui Shao, 546 F.3d at 169, and will “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise,” Xiao Ji Chen, 471 F.3d at 338 n. 17.
Fu also asserts that BIA had “mistakenly stated that the 2006 Policy Statement from the Administrative Office of the National Population and Family Planning Committee” had already been considered in its precedential decisions. This argument is unavailing, as that statement, which had been considered by the BIA in its previous decisions, was purportedly issued to address the enforcement of the family planning policy in Fujian Province, and not in Zhejiang Province, where Fu resided. Cf. Jian Hui Shao, 546 F.3d at 148-49 (requiring an asylum applicant claiming a fear of sterilization based on the birth of more than one child to establish: (1) details of the specific policy applicable to her case; (2) that the applicant violated the policy; and (3) that the violation would be punished in her local area by measures amounting to persecution).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).